# Walstrom et al. *versus* Hopkins.

1. A promise by the creditor of a firm to release a partner who has retired from the firm, and that he would look to the continuing partner only for payment of his debt, unless founded on a legal consideration, is nudum pactum, and cannot be enforced.

2. A legal consideration for such a promise is any advantage thereby gained by the creditor or any prejudice suffered by the retiring partner.

3. In a suit by the creditor of a firm against a partner who retired rom the firm after the creation of the debt, an affidavit of defence avering that the plaintiff upon being notified of the dissolution of the firm, said he was satisfied with the continuing partner, and would look to him or the debt, and would release the deponent, without averring a consideration for said promise, is insufficient to prevent judgment.

March 22d 1883. Before Mercur, C. J., Gordon, Trunkey, Sterrett and Green, JJ.   Paxson and Clark, JJ., absent.

Error to the Court of Common Pleas No. 2, of *Philadelphia county :* Of January Term 1883, No. 205.

Assumpsit, by Charles G. Walstrom and Edwin B. Stevens, copartners trading as Walstrom & Stevens, against William Hopkins, senior, and Abraham Bowker, copartners, late trading as Bowker & Hopkins.   The defendant. Hopkins alone was served.   The suit was originally brought before a magistrate, who gave judgment for the plaintiff against the defendant Hopkins for $51.49.   On appeal by the said defendant to the Common Pleas, the plaintiff filed a copy of book entries for goods sold and delivered and work done, to which the defendant Hopkins filed the following affidavit of defense :

" During July 1878, the firm of Bowker & Hopkins was dissolved and Abraham Bowker continued the business, agreeing to pay all debts.   The usual notice of dissolution was published, but, in order that knowledge of dissolution should be brought directly to the firm of Walstrom & Stevens, your deponent notified them both of said dissolution, and that the debts would be paid by Bowker, according to agreement, and the notice published ; Walstrom & Stevens said they were satisfied

[Walstrom v. Hopkins.]

with Bowker as a debtor; that they had often done work for him. That they would release your deponent and look to Bowker for the debt, which he was and now is able to pay. Plaintiffs continued furnishing goods to Bowker after they had received notice of dissolution and no demand of any kind has ever been made on deponent on account of this debt until this suit was brought."

The plaintiffs entered a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, which rule the court, after argument, discharged, whereupon the plaintiffs took this writ of error, assigning for error the order of the court discharging said rule.

*Hunn* (*Monaghan* with him), for the plaintiffs in error.— A plea stating the facts in the affidavit of defence would be demurrable, because no consideration is set forth for the alleged release by the plaintiffs to Hopkins as a retiring partner. He had left the firm prior to the alleged promise to release, without affecting his liability to the plaintiffs and the alleged promise was clearly nudum pactum. A promise founded upon an executed consideration is bad : Eastwood v. Kenyon, 11 Ad. & Ell. 451 ; Lampleigh v. Brathwait, Hob. 239 ; Hunt v. Bate, 3 Dyer 272a ; Child v. Morley, 8 Term 610 ; Shorb's Ex'r v. Shultz 7 Wright 208 ; Miller v. Hemler, 5 W. & S. 486 ; Partridge v. Partridge, 2 Wright 78 ; Campbell v. Daly, 25 Leg. Int. 124. The English cases with reference to the release of one partner are to the same effect : Lodge v. Dicas, 3 B. & A. 611 ; Robinson v. Read, 9 B & C. 449. Thompson v. Percival, 5 B. & Ad. 925, is distinguishable, because there plaintiff accepted a note from onepartner in full satisfaction of his claim against both.

*J. Bayard Henry* (with whom was *Lawrence Lewis, Jr.*), for the defendant in error.—Where the creditor of a firm agrees to discharge a retiring partner, and to look only to the continuing one, this is not void for lack of consideration : Lindley on Partnership, 449 ; Story on Partnership, 7th ed. § 158 ; Collyer on Partnership, § 553 ; Smith, Mercantile Law, 9th ed., 51 ; Lyth v. Ault, 7 Exch. 669 ; Hart v. Alexander, 2 Mees. & Wels. 484; Benson v. Hadfield, 4 Hare 37. The doctrine adopted in some of the States is that where, upon the retirement of a partner, the remaining partner undertakes to pay the debts and secure the credits of the firm, the relation of principal and surety is established between him and the retiring partner, and any act of a firm creditor having knowledge of such an agreement as would release a surety, will discharge the retiring partner: Colgrove v. Tallman, 67 N. Y. 95 ; Harris v.

[Walstrom *v.* Hopkins.]

Lindsay, 4 W. C. C. 271. The cases of Lodge *v.* Dicas, 3 B. & A. 611 ; Davis *v.* Ellice, 5 B. & C. 196a; Robinson *v.* Read, 9 B. & C. 449, are overruled by Thompson *v.* Percival, 5 B. & Ad. 925.

Mr. Justice GORDON delivered the opinion of the court, April 16th 1883.

We are not disposed to controvert the doctrine insisted on by the counsel for the defendant, which, from the citations made, may be stated as follows : when a creditor is fully informed of an arrangement between partners by which the outgoing member of the firm is to be indemnified against the debts of the firm, and he agrees to consider the remaining partners as his exclusive debtors, he *may* thereby lose all right of claim against the retiring partner. But when all this is admitted it does not reach the defendant's case. For when we come to consider how the creditor " may " thus lose his right, we learn that it can result only from some advantage gained by him, or from some prejudice suffered by the retiring partner. In other words, taking the authorities cited by the defence, and we are brought back, through the somewhat ambiguous language that is made use of, to the well-known and well-established doctrine that a contract, in order to render it effective, must be founded upon a consideration of some kind, otherwise it is mere nudum pactum. Shorb's Ex'rs *v.* Shultz, 7 Wr. 208.

But in the affidavit of defence under discussion, there is no allegation of any consideration, however remote, on which to base the alleged release. " Walstrom and Stevens said they were satisfied with Bowker as a debtor; that they had often done work for him. That they would release your deponent and look to him for the debt, which he was, and now is, able to pay." This is the sum and substance of the agreement. But here is, at best, but a promise to release on request of the defendant without consideration expressed or implied, nor does it appear that by reason of such promise the affiant has suffered any prejudice whatever. According to his own oath, Bowker is still solvent and responsible over to him. He therefore loses nothing by delay ; he has but to pay the partnership debt and be repaid by his partner. Under these circumstances, were we to approve of the judgment of the court below, we must adopt the doctrine that a consideration purely moral in its character, an empty promise, without more, is sufficient to support a legal contract. Such certainly has never heretofore been the law, and we are not disposed to be the first to attempt to make it so by the adoption of a principle, the utility of which would be more than doubtful.

It is now ordered that the record in this case be remitted to the court below, in order that judgment may be entered by that court against the defendant as to it may seem just and right, unless other legal or equitable cause be shown why such judgment should not be so entered.